# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**PRONM ENERGY INC.**

    Plaintiff,

vs.   No._____

**UNITED STATES DEPARTMENT OF INTERIOR, Secretary Debra Anne Haaland**
**BUREAU OF INDIAN AFFIARS,**
**Bertha L. Shorty and Maureen Joe,**

    Defendants.

## COMPLAINT IN MANDAMUS AND TORT

ProNM Energy Inc. brings this action pursuant to 28 USC §1361 to compel employees of the United States to perform their legal duty and pursuant to 28 USC §1346 (b)(1) for the wrongful acts and omissions of government employees, as grounds stating the following.

**Parties**

1. ProNM Energy Inc. (Pro) is a New Mexico corporation that in the past was in the oil and gas business in the San Juan Basin of New Mexico.

2. The defendant Department of Interior is a department of the United States government. Debra Anne Holland is the Secretary of the Department of Interior.

1

The defendant Bureau of Indian Affairs is a bureau of the Department of Interior. The Bureau of Indian Affairs is responsible for the administration of leases for oil and gas development on lands allotted to individual Indians.

3. The defendant Bertha L. Shorty is a realty specialist and defendant Maureen Joe is director in their positions as employees of the Bureau of Indian Affairs in the Federal Indian Minerals Office, Farmington New Mexico.

**Jurisdiction and Venue**

4. The district court has jurisdiction under 28 U.S.C §1361 over this action to compel employees of the United States to perform their duty and jurisdiction under 28 U.S.C. §1346(b)(1) for damages due to the wrongful acts of employees of the United States. Venue is proper in the district of New Mexico.

**Facts Common to All Claims**

5. In 2018 Pro sold its leases, wells and other oil and gas properties to other oil and gas operators and ceased doing business.

6. Among the oil and gas leases held by Pro were those on 160-acre tracts in San Juan County, New Mexico that were allotted to individual Navajo tribal members, or their heirs, held for those persons in trust and managed by the Bureau of Indian Affairs (BIA).

7. The Federal Indian Minerals Office (FIMO) with offices in Farmington, New Mexico, provides the trust management services of the allottees oil and gas

and minerals resources as a joint function in behalf of the Bureau of Indian Affairs and the Bureau of Land Management.

8. Defendant Maureen Joe is director of FIMO and defendant Berth Shorty is a realty specialist in FIMO. In each of their acts and omission alleged herein they were acting in the scope of their employment for the Bureau of Indian Affairs in the office of FIMO.

9. As a holder of Indian allotted leases Pro provided a $75,000 bond to ensure compliance with the terms and conditions of the leases pursuant to 25 CFR §211.24. Upon divesture of the leases the bond obligation terminates.

10. In or about May 2019 Pro assigned seven Indian leases to one operator company and one Indian lease to another. The assignments were duly processed.

11. Another ten Indian allotted leases had been assigned by Pro in about 1999 to Maralex Resources for development and operation. Maralex drilled wells, operated on the leases, and performed the conditions of the leases including maintaining a lease performance bond and payment of royalty due to the Indian allottees.

12. The leases having in years past been assigned to Maralex, Pro requested FIMO release of the bond.

13. Pro was informed by director Maureen Joe that because it held bare legal title to the Indian leases the bond would not be released. The letter of director Joe

dated March 23, 2021 and sent to a representative of the bonding insurance company is attached as Exhibit A, incorporated herein.

14. Pro underwent the time and expense to accomplish completion and execution of the required BIA documents for assignment of title on each of the ten leases in conjunction with Maralex. On August 19, 2021 the assignments with each of the multiple required completed documents were submitted to FIMO, as reflected in the cover letter and instruments attached as Exhibit B, incorporated herein. Reasonably prompt attention to the assignments by the individual defendants would have resulted in processing of the assignment, release of the bond and completion of the matter in 2021.

15. After submission of the assignments in August 2021 Pro heard nothing. Over about two years it received no responses to its periodic inquiries.

16. Pro learned in June 2023 of the introduction of an obstacle to processing of the assignments submitted two years earlier. Maralex had actively operated the ten leases and paid royalty for over twenty years and there was no practical change except for transfer of title on paper. Defendant Joe decided that the Maralex bond of $75,000 would have to be raised to $150,000 (the amount for nationwide coverage, 25 CFR §211.24(c)). A copy of director Joe's letter to Maralex dated June 28,2023 is attached as Exhibit C.

17. On or about August 15, 2023 the increased bond was secured and provided to the BIA by Maralex.

18. The assignment of the ten leases submitted in 2021, remained unprocessed by the FIMO defendants.

19. On August 17, 2023 defendant Shorty sent an email to Pro stating that FIMO had processed six of the lease assignments but four of the leases would not be processed "due to outstanding liabilities . . .". A spreadsheet was attached to the message. The spreadsheet purported to show that some amounts of minimum royalties were unpaid in 2011. Such royalty, if any, would have been payable by Maralex associated with its production.

20. Pro responded, August 17, 2023, if there actually were royalty non-payment twelve years in the past, the liability was long barred by the applicable six years statute of limitations; that there is no liability. The messages are attached as Exhibit D, incorporated herein.

21. The fabrication about royalty by defendants Joe and Shorty was a groundless basis for their refusal to process the assignments and a continuation of their intentional frustration of the rights of Pro. The four lease assignments have not been processed and the Pro bond is not released.

### FIRST CLAIM FOR RELIEF
### Writ of Mandamus

22. Plaintiff realleges the allegations of Paragraphs 1 through 21.

23. Maralex is and has been a qualified assignee to hold record title to the subject ten leases assigned to it by Pro in August 2021. At all times it has provided a satisfactory bond conditioned on the faithful performance of the leases.

24. No valid ground for withholding processing of the four leases exists. The lease assignments were due for timely processing in accordance with law and with 25 CFR §211.53(a).

25. Defendants Joe and Shorty have failed and continue to fail to perform a clear legal duty. A mandatory writ of mandamus should enter ordering defendants' performance of the legal duty of approving the assignment of the title of leases from Pro and release of the Pro bond.

### SECOND CLAIM FOR RELIEF
### Prima Facie Tort

26. Plaintiff realleges the allegations of Paragraph 1 through 25.

27. The defendants Maureen Joe and Bertha Shorty intentionally acted as above described to cause harm, loss and needless delay, fees and expenses to Pro. The conduct and omissions of those defendants was not justified under all the circumstances.

28. The conduct of the individual defendants was in bad faith, wrongful and done with a culpable state of mind.

29. Pro thereby incurred compensatory damages and is entitled to punitive damages.

WHEREFORE the plaintiff prays the judgment and orders of the court,

A. That there issue a mandatory writ of mandamus commanding the defendants to process the leases in issue and to release the Pro bond;

B. That Pro have judgment to compensate for its damages and also be awarded punitive damages against the individual defendants;

C. That the court award Pro costs of suit and any other appropriate relief.

Respectfully submitted,


GALLEGOS LAW FIRM, P.C.

By: /s/ J. E. Gallegos

J.E. GALLEGOS
460 St. Michael's Drive, Bldg. 300
Santa Fe, NM 87505
505-983-6686
jeg@gallegoslawfirm.net